ANDREW THOMPSON v. LILLIAN B. TAYLOR ET AL.

Argued February 27, 1900—Decided June 11, 1900.

1. A contract, valid in the state where it is to be performed, will not be enforced by the courts of this state, if it is condemned by the positive law of the state, or is inconsistent with the public policy thereof as declared by the legislature.

2. A promissory note made in this state by a married woman resident in this state, at the request of her husband, and solely for his accommodation, is void under the provisions of section 5 of our Married Woman's act, and will not be enforced against her in the courts of this state, in a suit brought by an endorsee for value, notwithstanding that it is made payable in, and is transferred to the endorsee in, a foreign jurisdiction by the laws of which a married woman is authorized to bind herself by such a contract.

---

On case certified from the Bergen Circuit Court.

Before DEPUE, CHIEF JUSTICE, and Justices VAN SYCKEL and GUMMERE.

For the plaintiff, *Raymond P. Wortendyke.*

For the defendant, *George W. Betts, Jr.*

The opinion of the court was delivered by

GUMMERE, J.   This action was brought upon a note, of which the following is a copy:

"ENGLEWOOD, N. J., October 10th, 1898.
"Three months after date I promise to pay to the order of W. Bernard Taylor, Four hundred and twenty-two 29-100 dollars, at 44 Broad street, New York City, value received.
                    "(Signed),   LILLIAN B. TAYLOR.
"(Endorsed)—W. BERNARD TAYLOR,
                    "44 Broad Street."

The note was signed by Lillian B. Taylor, at the time and place of its date, she being then the wife of the payee.   She signed at her husband's request and solely for his accommodation, and delivered the note to him without any express limitation on the use he might make of it.   The husband at once took the note to New York City and there delivered it, with his endorsement, to the plaintiff, to take up two similar notes held by him and then past due, aggregating, with interest, the amount of this note, which two notes the defendant had signed under the same circumstances, and which her husband had transferred to the plaintiff in the same manner for cash.   The plaintiff knew that the payee and maker were husband and wife, but had no further notice, outside of the notes themselves, of the circumstances under which they were signed. Husband and wife have been during all the time above referred to, and still are, domiciled in New Jersey.   Since 1892, the statutes of New York have provided that "a married woman may contract with her husband, or any other person, to the same extent, with the like effect and in the same form

as if unmarried, and she and her separate estate shall be liable thereon, whether such contract relates to her separate business or estate or otherwise, and in no case shall a charge upon her separate estate be necessary."

Deeming the case one of doubt and difficulty the Bergen Circuit Court certified the foregoing facts to this court for its advisory opinion on the question whether, on those facts, the plaintiff is entitled to judgment against Lillian B. Taylor for the sum mentioned in the note and interest.

The answer to the question certified depends upon whether the liability of the wife is to be determined by the statute of the State of New York above quoted, that being the place of the performance of the contract, or whether a recovery against her is barred by that provision of our statute relating to married women which prohibits a married woman from becoming an accommodation endorser, guarantor or surety, or from becoming liable on any promise to pay the debt or answer for the default or liability of any other person. *Gen. Stat., p.* 2017, § 26.

The legislature of our state, by enacting the above prohibitory provision, declared it to be the public policy of this state that a married woman, domiciled within our borders, and subject to our laws, shall not have the power to bind herself by contract of the character specified in the statute. If this prohibition can be evaded, and the public policy declared by it can be thwarted by the device of providing that the place of performance shall be in a foreign jurisdiction where marriage does not curtail a woman's contracting power, the statute is practically a dead letter. When the legislature has declared the policy of the state in relation to a given subject-matter, it is the duty of courts to give effect, so far as possible, to that policy. *Felt* v. *Felt,* 12 *Dick. Ch. Rep.* 101. And consequently, as was said by Mr. Justice Depue in the case of *Union Locomotive, &c., Co.* v. *Erie Railway Co.,* 8 *Vroom* 23: "A contract valid elsewhere will not be enforced if it is condemned by positive law or is inconsistent with the public policy of the country the aid of whose tribunals is invoked for the purpose of giving it effect."

The Circuit Court of Bergen county is advised that the plaintiff is not entitled to judgment against the defendant Lillian B. Taylor upon the note in suit.